PETER BERLOWITZ, APPELLANT, V.
DEPARTMENT OF MOTOR VEHICLES, APPELLEE.

317 N.W.2d 93

Filed March 19, 1982. No. 43879.

James E. Dunlevey for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter for appellee.

Heard before BOSLAUGH, CLINTON, and WHITE, JJ., and BUCKLEY and CANIGLIA, District Judges.

BUCKLEY, District Judge.

Plaintiff appealed to the District Court from an order of the Director of Motor Vehicles revoking his license and privilege to operate a motor vehicle. The District Court affirmed and the plaintiff appealed here.

The facts are not disputed. On January 3, 1980, the defendant, Department of Motor Vehicles, received an abstract of conviction report on the plaintiff. This abstract resulted in the accumulation by the plaintiff of 12 points against his driving record and required the director to revoke plaintiff's operating privilege for a period of 6 months.

The problem lies in the fact that the director did not issue an order of revocation until March 4, 1980, 2 months after receiving the final abstract of conviction. The order revoked plaintiff's license "for a period of 6 months from the 3rd day of January, 1980."

Plaintiff contends that, by law, the Department must take action to revoke his license within 10 days after

receipt of the abstract of conviction totaling 12 points, and having failed to do so, its order of revocation is invalid.

The statutory scheme requires that notice of the order of revocation be given to the operator within 10 days. Neb. Rev. Stat. § 39-669.28 (Reissue 1978). The Department complied with this requirement. It is not required, however, that the order of revocation issue within 10 days from receipt of the final abstract of conviction. Neb. Rev. Stat. § 39-669.27 (Reissue 1978) provides in pertinent part: "Whenever it shall come to the attention of the Director of Motor Vehicles that any person has, as disclosed by the records of such director, accumulated a total of twelve or more points within any period of two years, as set out in section 39-669.26, the director shall (1) summarily revoke (a) the license and privilege of such person to operate a motor vehicle in this state . . . ."

The Department accompanied the notice of revocation by a letter signed by the director, which stated in part: "As of January 3, 1980, we received an Abstract for Conviction Report giving you twelve points assessed against your driving record. Your point revocation was brought to the attention of this office on March 4, 1980."

The director cannot excuse his responsibility to summarily revoke an operator's license whenever the accumulation of 12 points shall come to his attention by claiming that the receipt by the Department of the final abstract of conviction did not come to his attention until 2 months later. Although the Department does not explain the 2-month delay, it makes no difference. The records of the Director of Motor Vehicles disclosing the accumulation by a person of 12 or more points within any period of 2 years come to the attention of the director upon receipt by the Department of Motor Vehicles of the final abstract of conviction.

While the 2-month delay in issuing the revocation order is hardly a summary action as required by statute, and while, as pointed out by the District

Court, "[t]his delay does not indicate ideal administrative procedures," nonetheless, it does not invalidate the order of revocation.

The action required of the director was ministerial and directory. As stated in *Omaha P. P. Dist. v. Nebraska P. P. Project*, 196 Neb. 477, 479, 243 N.W.2d 770, 772 (1976): """"Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute."""

The direction to the director to revoke summarily relates only to the prompt accomplishment of the statutory scheme for license revocation. This was accomplished in plaintiff's case. The delay did not prejudice plaintiff. Rather, it benefited him since the revocation order was retroactive to January 3, 1980, resulting in only 4 months' actual revocation.

The judgment of the District Court is affirmed. Since the order of revocation was stayed on March 26, 1980, it shall be for a period of 6 months, less that period of time from January 3, 1980, to March 26, 1980.

AFFIRMED.